108 F.3d 1391
 42 Cont.Cas.Fed. (CCH) P 77,208
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John H. DALTON, Secretary of the Navy, Appellant,
v.
GAFFNY CORPORATION, Appellee.
 No. 96-1331.
 United States Court of Appeals, Federal Circuit.
 Feb. 13, 1997.
 
 Before PLAGER, RADER, and SCHALL, Circuit Judges.
 RADER, Circuit Judge.
 
 
 1
 Following litigation with the Department of the Navy (the Navy), Gaffny Corporation sought attorney fees. The Armed Services Board of Contract Appeals (Board) awarded fees on October 25, 1995, and the Navy's motion for reconsideration was denied on January 5, 1996. Because the record does not show substantial evidence that Michael Gaffny represented the corporation, this court reverses.
 
 
 2
 * Gaffny Corporation won a contract to renovate a central heating plant at the Naval Air Station in Brunswick, Maine. Upon completion of the contract, Gaffny Corporation filed claims to increase the contract price above the original award and to excuse a two-hundred-two day delay. The contracting officer's final decision granted part of Gaffny Corporation's request.
 
 
 3
 On October 18, 1988, Gaffny Corporation appealed the denial of its claims to the Board. The appeal carried the signature "John J. Gaffny, President, Attorney Pro-Se." Due to a defect in that initial complaint, Gaffny Corporation submitted an additional appeal signed "Michael Gaffny, Vice President, Attorney Pro-Se." Throughout the subsequent proceedings, Michael Gaffny corresponded with the contracting officer and the Board. He generally signed the corporation's documents either "Michael Gaffny, Attorney Pro Se" or "Michael Gaffny, Vice President."
 
 
 4
 In December 1990, in the midst of the corporation's proceedings before the Board, Michael Gaffny entered the practice of law. He gave no notice to the Board of his new capacity to serve as an attorney. On one occasion, however, he signed a submission "Michael Gaffny, Esq." In a later submission, Mr. Gaffny signed "Michael Gaffny, Esq., Attorney Pro Se."
 
 
 5
 At a hearing in June 1991, John J. and Michael Gaffny represented Gaffny Corporation in their capacity as corporate officers. Michael Gaffny served as a principal witness for Gaffny Corporation. Despite questions during testimony about his educational background, Mr. Gaffny did not disclose his legal education. Mr. Gaffny signed the post-trial briefs "Michael F. Gaffny of Gaffny Corporation Contractors, Attorney Pro Se." By that time, however, Michael Gaffny had actually entered the private practice of law.
 
 
 6
 On November 23, 1993, the Board issued a decision in favor of Gaffny Corporation on the merits of the underlying contract action. Gaffny Corporation then submitted an application for attorney fees under the Equal Access to Justice Act (EAJA). 5 U.S.C. § 504 (1994). The attorney fees covered the services of Michael Gaffny, the corporation's vice-president and alleged corporate counsel. The Navy opposed such fees, claiming that Michael Gaffny had never claimed that he was acting as an attorney for Gaffny Corporation. The Board granted, in part, Gaffny Corporation's request and awarded fees. On May 3, 1996, the Navy appealed.
 
 II
 
 7
 This court reviews the Board's factual findings only for arbitrariness, capriciousness, lack of substantial evidence, or bad faith. Kelso v. Kirk Brothers Mechanical Contractors, Inc., 16 F.3d 1173, 1176 (Fed.Cir.1994). In evaluating the record for substantial evidence, the court must look at the record as a whole. Santa Fe Eng'rs, Inc. v. Garrett, 991 F.2d 1579, 1581 (Fed.Cir.1993). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Ingalls Shipbuilding, Inc. v. O'Keefe, 986 F.2d 486, 488 (Fed.Cir.1993).
 
 
 8
 The Board found that Michael Gaffny gave the Navy and the Board reason to believe he was a licensed attorney when he signed his March 13, 1991, letter "Michael Gaffny, Esq." and his April 22, 1991, letter "Michael Gaffny, Esq., Attorney Pro Se." This single evidentiary tile taken from a large, factual mosaic does not adequately support the Board's conclusion.
 
 
 9
 In the first place, the mere addition of the abbreviated title "esq." to two letters does not overcome a firmly established pattern of representation by corporate officers. Beginning in October 1988, the Board communicated extensively with Michael Gaffny. For more than two years, he represented the Corporation solely as an officer or as an attorney pro se. These extensive dealings established an expectation that Michael Gaffny was not acting as an attorney. In light of this record, the addition of three letters following his signature did not provide adequate notice of his change in status.
 
 
 10
 Second, Michael Gaffny obliterated and rendered wholly ineffective any purported notice in his March 13, 1991, letter when he used the contradictory term "pro se" with "esq." in his April 22, 1991, letter. Third, Michael Gaffny's extensive involvement in the trial as a witness raises a further presumption that he acted in his role as corporate officer. Finally, submissions that followed the March and April 1991 letters once again used the "pro se" title without any mention of "esq.".
 
 
 11
 This court defers to the Board's factual findings when supported by substantial evidence. In this case, however, the record as a whole does not supply substantial evidence for the Board's finding.